# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>MCCARTHY OCAYA CARTER,<br><br>Defendant - Appellee. | No. 04-10300<br>D.C. No. CR-03-00103-JI<br><br>JUDGMENT |



**FILED**
DISTRICT COURT OF GUAM
SEP 2 2 2005
MARY L.M. MORAN
CLERK OF COURT

Appeal from the United States District Court for the District Of Guam (Hagatna).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the District Of Guam (Hagatna) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is **REVERSED in part and REMANDED.**

Filed and entered 05/31/05



A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

SEP 16 2005

by
Deputy Clerk

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED
MAY 31 2005
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellant, v. MCCARTHY OCAYA CARTER, Defendant - Appellee. | No. 04-10300<br><br>D.C. No. CR-03-00103-JI<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Guam
John S. Unpingco, District Judge, Presiding

Argued and Submitted May 11, 2005
Honolulu, Hawaii

Before: D.W. NELSON, CALLAHAN, and BEA, Circuit Judges.

The United States appeals the district court's decision to grant Carter's motion to suppress evidence seized from his residence and incriminating statements made thereafter. The sole question in this appeal is whether the

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

The government argues that Carter consented to the search by signing a form at his probation intake interview which stated: "You shall permit your probation officer to visit or search your place of residence at reasonable times." Carter argues that because this form was not authorized by the court, it can have no effect. However, this argument misses the point. Regardless whether the search term was ordered by the court, the relevant inquiry is whether Carter's consent to these additional conditions was voluntary. The court might well have concluded that the presence of Carter's signature on the form provided sufficient evidence of voluntariness. There is no mention of any evidence of fraud, coercion – express or implied – or duress, which may have caused his signature.

Unfortunately, the district court made no explicit factual finding with respect of the voluntariness of Carter's consent to this form. We did not observe the witnesses and cannot substitute our view of the evidence for that of the district court. *See United States v. Carbajal*, 956 F.2d 924, 930-31 (9th Cir. 1992) ("[I]t would be violative of Rule 12(e) for this court to make a factual finding, in the first instance, that [defendant's] consent was voluntary or involuntary. That determination must be made by the district court."). Accordingly, we remand to the district court for a factual finding on whether Carter's consent to the search term in the probation agreement was voluntary.

3

**REVERSED in part and REMANDED**.

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

SEP 16 2005

by
Deputy Clerk