(lda)

HOWARD TRAPP INCORPORATED
200 Saylor Building
139 Chalan Santo Papa
Hagåtña, Guam 96910
Telephone (671) 477-7000

Attorney for defendant

**FILED**
DISTRICT COURT OF GUAM

OCT 1 4 2005

MARY L.M. MORAN
CLERK OF COURT

## DISTRICT COURT OF GUAM

------------

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ( | Criminal Case No. 03-00103 |
| | ) | |
| Plaintiff, | ( | SUPPLEMENTAL BRIEF |
| | ) | |
| vs. | ( | |
| | ) | |
| McCARTHY OCAYA CARTER, | ( | |
| | ) | |
| Defendant. | ( | |

------------

The issue is "whether Carter's consent to the search term in the probation agreement was voluntary." (*United States v. Carter*, No. 04-10300, slip op. at 3 (9th Cir May 31, 2005).)

Consent to a search term in a probation agreement is not voluntary if it is given "in submission to a claim of lawful authority." (*Cf. Schneckloth v. Bustamonte*, 412 U.S. 218, 233 (1973)("if under all the circumstances it has

ORIGINAL

(SUPPLEMENTAL BRIEF)
Criminal Case No. 03-00103

appeared that the consent was not given voluntarily—that it was . . . granted only in submission to a claim of lawful authority—then we have found the consent invalid and the search unreasonable").)

Consent to a search term in a probation agreement is not voluntary if it is given "to avoid imprisonment." (*United States v. Pierce*, 561 F.2d 735, 739 (9th Cir. 1977), *cert. denied*, 435 U.S. 923 (1978); *accord, United States v. Rodriguez*, 682 F.2d 827, 830 (9th Cir. 1982); *United States ex rel. Coleman v. Smith*, 395 F.Supp. 1155, 1157 (W.D.N.Y. 1975). *See generally* 5 Wayne R. LaFave, *Search and Seizure* § 10.10(b) at 440-42 (4th ed. 2004)("it would seem doubtful that any waiver of Fourth Amendment rights obtained as the quid pro quo of a grant of probation could pass muster under *Schneckloth*").)

Dated, Hagåtña, Guam

October 14, 2005.

Respectfully submitted,

_____
HOWARD TRAPP
For HOWARD TRAPP INCORPORATED
Attorney for defendant

2

## DECLARATION OF SERVICE

I, Leilani D. Ada, declare that I am an administrative assistant employed in the office of Howard Trapp, Esq., the attorney for defendant herein, and that I served the document to which this declaration is annexed on Marivic P. David, Esq., Assistant United States Attorney, the attorney for plaintiff herein, by leaving a copy at Office of the United States Attorney for Guam and the Northern Mariana Islands, Suite 500, Sirena Plaza, 108 Hernan Cortez Avenue, Hagåtña, Guam, Ms. David's last known address, with a person in charge thereof, on October 14, 2005.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 14, 2005, at Hagåtña, Guam.

_____
LEILANI D. ADA