LEONARDO M. RAPADAS
United States Attorney
MARIVIC P. DAVID
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for United States of America

FILED
DISTRICT COURT OF GUAM
OCT 17 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> McCARTHY OCAYA CARTER, ) <br> ) <br> Defendant. ) | CRIMINAL CASE NO. 03-00103 <br><br> **GOVERNMENT'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL BRIEF** |

On about January 25, 2000, the defendant, McCARTHY OCAYA CARTER, pleaded guilty to possessing drugs wtih intent to deliver in two Superior Court of Guam cases (Exhibit A ). On March 16, 2000, defendant received a prison sentence of three years for one case and, for the other, a suspended 10-year sentence with a five-year period of probation. For his probation, defendant was permitted, among other things, to leave Guam after his prison sentence (Exhibit B). On September 14, 2001, based upon the parties' stipulation, the Superior Court of Guam modified defendant's probation to allow him to remain in Guam (Exhibit C).

Voluntariness of consent is a factual question to be determined from all of the circumstances. Schneckloth v. Bustamonte, 412 U.S. 218, 248-249 (1973). Defendant had already served his Superior Court prison sentence prior to his placement or supervision with the Guam Probation department. There could have been no term of imprisonment that the defendant

was trying to avoid at the time, since initially the defendant was allowed to leave Guam after his prison sentence. The defendant had a choice - either leave Guam or remain here subject to supervision by the Guam Probation department - and defendant chose the latter option.

Respectfully submitted this 17th day of October 2005.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

By: _____
MARIVIC P. DAVID
Assistant U.S. Attorney

FILED
SUPERIOR COURT
OF GUAM

'99 JUN 27 PM 2:49

ALFREDO M. BORLAS
CLERK OF COURT

RECEIVED
AUG 17 1999
2:10 PM
SUPERIOR COURT
OF GUAM

ATTORNEY GENERAL'S — E - PROSECUTION DIVISION
2-200E Judicial Center Building
120 West O'Brien Drive
Hagåtña, Guam 96910
Tel: (671) 475-3406 / Fax: (671) 477-3390

IN THE SUPERIOR COURT
OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>vs.<br><br>McCARTHY OCAYA CARTER,<br>DOB: 09/24/63<br>SS#: 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<br><br>Defendant. | CRIM. CASE NO. CF318-98<br>GPD REPORT NO. 98-09507<br>CRIM. CASE NO. CF773-98<br>DEA REPORT NO. RB-98-0042<br><br>**PLEA AGREEMENT** |

Pursuant to Criminal Procedure Code § 60.80, the Defendant, **McCARTHY OCAYA CARTER**, represented by **RICHARD PARKER ARENS**, Esq. and the People of Guam, represented by the Attorney General through Assistant Attorney General **GERAD EGAN**, enter into the following Plea Agreement:

1. The Defendant, having been advised, understands the following:

   A. The nature of the charge and its elements to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

   B. The right to consult with and be represented by an attorney at every stage of these proceedings;

   C. The right to plead not guilty, the right to confront and cross-examine witnesses, and the right against self-incrimination;

   D. That by pleading guilty to the charge the right to a jury trial is waived; and upon acceptance of the guilty plea by the Court, Defendant stands convicted just as though convicted by a jury;

   E. That if Defendant pleads guilty, the Court may ask questions about the offense charged, and if Defendant answers these questions on the record,

GOVERNMENT EXHIBIT A

Case 1:03-cr-00103   Document 46   Filed 10/17/2005   Page 3 of 15

and in the presence of his attorney, the answers later may be used against him;

F. That Defendant has a right to prosecution by indictment or preliminary hearing and, if this right is waived, Defendant may be prosecuted by an information filed by the prosecutor; and

G. That if the Defendant is an alien, his guilty plea may have immigration consequences, including deportation.

2. Defendant voluntarily, and without coercion or promises apart from this Plea Agreement, agrees to enter a guilty plea to the following:

a. One count of POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE WITH INTENT TO DELIVER (As a First Degree Felony) in CF318-98, a violation of 9 GCA SS 67.50(a)(1) and (b)(2), as alleged in the first charge of the Indictment, filed pursuant to 9 GCA SS 80.33(e) which carries a maximum sentence of not more than five (5) years incarceration and a fine of not more than fifteen (15) thousand dollars ($15,000.00); and

b. One count of POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE WITH INTENT TO DELIVER (As a 1st Degree Felony) in CF773-98, a violation of 9 GCA SS 67.401.1(1) and (b)(1), as enacted on March 25, 1998, Public Law 24-149, as alleged in the First Charge of the Indictment filed in this case, which carries a sentence of not more than five (5) years incarceration and a fine of not more than fifteen thousand dollars ($15,000.000).

The charge in CF318-98 arises out of the incident described as follows:

> On May 3, 1998, at about 4:30 a.m., Officer Quitugua saw a car being driven on West Santa Monica Avenue. The Officer turned on his overhead lights and stopped the car. The driver of the car was McCarthy Ocaya Carter, the defendant. Mr. Carter gave his permission for the Officer to conduct a search of the car. Inside the interior driver's side door, the Officer found a butane mini torch, marijuana seeds, and a ziploc bag containing what appeared to be methamphetamine. The defendant was placed under arrest for possession of a controlled substance. Inside the defendant's pocket, the Officer found $650.00 in cash and numerous ziploc bags containing methamphetamine, a Schedule II controlled substance. The defendant was transported to the Dededo precinct.
>
> At about 8:20 a.m., Officer Untalan walked into the Dededo precinct briefing room. He saw the defendant standing on a chair pushing the air conditioner. He was wearing handcuffs. Officer Untalan asked the defendant what he was doing. The defendant said he was trying to run away. Officer Untalan saw that the air conditioner had been damaged. Wood particles had been loosened.

The charge in CF773-98 arises out of the incident described in DEA Report No. RB-98-0042 as follows:

> On June 25, 1998, pretrial-release officers from the Superior court made an unannounced home visit of Mr. Carter at 209 Koko Lane, Dededo. About twenty-one grams of methamphetamine were found in Mr. Carter's bedroom. After Mr. Carter's arrest, police officers found an additional two grams of methamphetamine in Mr. Carter's pocket. Mr. Carter also was in possession of about $850.00 in cash. As of June 25, 1998, Mr. Carter was on felony-release in CF318-98 (possession of a schedule II controlled substance with intent to deliver).

3. Defendant understands and agrees he may be called upon to testify under oath about the factual details of these transactions at the taking of this guilty plea.

4. Defendant understands that he has a right to move for a reduction of his sentence within one hundred twenty (120) days of sentencing pursuant to 8 GCA § 120.46 and 9 GCA § 80.22, and agrees to waive that right for the purpose of this plea.

5. Defendant understands that he has a right to appeal his convictions in this case pursuant to 8 GCA §§ 130.10 and 130.15, and agrees to waive that right for the purpose of this plea.

6. Defendant understands that such a felony conviction could cause him to lose valuable civil rights, such as the right to vote, to sit on a jury, to hold public office, to possess firearms or to obtain certain types of employment.

7. Defendant understands and agrees that his right to possess a Firearm Identification Card on Guam shall be revoked.

8. Defendant understands and agrees that this agreement shall not be binding on the People should the Defendant be charged with or commit a crime between the time of his agreement and the time for sentencing in this cause; nor shall this agreement be binding on the People until the People confirm all representations made by the Defendant and his attorney.

9. The Attorney General and Defendant agree, in consideration for Defendant's plea and full cooperation, to the following:

   A. That as to the charge of POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE WITH INTENT TO DELIVER (As a 1st Degree Felony) in CF318-98, the Defendant will serve a

fixed term of three (3) years imprisonment at the Department of Corrections, with credit for time served, without the possibility of parole or probation;

B. That as to the charge of **POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE WITH INTENT TO DELIVER (As a 1st Degree Felony)** in CF773-98, the Defendant will serve a a sentence of ten (10) years imprisonment at the Department of Corrections. This period of incarceration shall be suspended, and Defendant will then be placed on probation for five (5) years, provided that Defendant will leave Guam after his prison sentence and agrees not to come within 50 miles of the Guam Airport. Defendant accepts that it is a critical and valid component of this plea agreement that he resides at least 50 miles from the scene of this crime, and understands that that means he will be in violation of his probation if found on Guam, and will be remanded to serve his ten year sentence at Department of Corrections. Defendant accepts this condition of his probation, and waives any challenges to this probation, constitutional or otherwise;

C. That Defendant shall pay a fine of ten thousand dollars ($10,000.00) to be paid to the Drug Treatment and Enforcement Fund, pursuant to 9 GCA § 80.31.1, plus court costs. Defendant to forfeit bail;

D. That Defendant shall enroll and attend a drug rehabilitation program at the Department of Mental Health

and Substance Abuse or any other drug rehabilitation program approved by the Superior Court; and

E. That upon the Court's acceptance of Defendant's plea of guilty and sentencing of the Defendant in accordance with the terms of the plea agreement herein, the People will move to dismiss the remaining charges as contained in the Indictments filed in CF318-98 and CF773-98.

10. Defendant states he has told his lawyer all the facts and circumstances known about the charges. His lawyer has counseled and advised him on the nature of each charge as well as on any and all lesser included charges.

11. Defendant and the Government each intend this plea agreement and the sentence imposed be a final sentence and a total and conclusive resolution of the charges described within this plea agreement.

12. Both parties understand that should the Court refuse to accept this plea agreement, the Defendant shall be entitled to withdraw his plea of guilty. Should the Court fail to enter judgment as set forth in this plea agreement, the People may withdraw this plea offer in its entirety.

13. This plea agreement in no way effects any civil forfeiture proceedings, if applicable.

14. By his signature, Defendant attests he has read this agreement and its provisions have been fully explained by his attorney. Defendant believes his lawyer has done all that anyone

could do to counsel and assist him and is satisfied with the advice and help received.

_____
McCARTHY OCAYA CARTER
Defendant

Dated: _____

_____
GERAD EGAN
Assistant Attorney General

Dated: August 3, 1999

_____
RICHARD PARKER ARENS, Esq.
Counsel for Defendant

Dated: 8/13/99

After a hearing held on January 25, 2000, and a finding the Defendant's pleas of guilty to POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE WITH INTENT TO DELIVER (As a 1ˢᵗ Degree Felony) in CF318-98 and POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE WITH INTENT TO DELIVER (As a 1ˢᵗ Degree Felony) in CF773-98 are knowingly and voluntarily made, this Court now accepts the Plea Agreement herein and his plea of guilty and adjudges Defendant guilty of POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE WITH INTENT TO DELIVER (As a 1ˢᵗ Degree Felony) in CF318-98 and POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE WITH INTENT TO DELIVER (As a 1ˢᵗ Degree Felony) in CF773-98. The court further grants the People's motion to dismiss the remaining charges of the Indictments in CF318-98 and CF773-98. Sentencing shall take place on January 25, 2000.

_____
HONORABLE ALBERTO C. LAMORENA III
PRESIDING JUDGE
SUPERIOR COURT OF GUAM

DEC - 1 2003

Law Offices
Cunliffe & Cook
Suite 200
210 Archbishop F.C. Flores Street
Hagåtña, GU 96910
Telephone: (671) 472-1824
Telefax: (671) 472-2422

Attorneys for: Defendant McCarthy O. Carter

FILED
SUPERIOR COURT
OF GUAM

2000 MAR 17 PM 2:0

ALFREDO M. BORJA
CLERK OF COURT
BY _____

# IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

McCARTHY O. CARTER,

          Defendant.

CRIMINAL CASE NOS. CF0318-98, CF0773-98

JUDGMENT



RECEIVED
MAR 17 2000

**WHEREAS**, on May 14, 1998, the Government filed an Indictment in Criminal Case No. CF0318-98 charging Defendant McCARTHY O. CARTER ("CARTER") with One Count of Possession of a Schedule II Controlled Substance with Intent to Deliver (As a First Degree Felony) a violation of 9 GCA §§67.50(a)(1) and (b)(2), and said Defendant at arraignment pleaded not guilty and the case was thus set on the trial setting calendar; and,

**WHEREAS**, on October 21, 1998, the Government filed an Indictment in Criminal Case No. CF0773-98, charging Defendant CARTER with One Count of Possession of a Schedule II Controlled Substance with Intent to Distribute (as a first degree felony) and said Defendant at arraignment pleaded not guilty and the case was thus set on the trial setting calendar; and,

RECEIVED
MAR 29 00
Prosecution

GOVERNMENT
EXHIBIT
D

JUDGMENT
*People v. McCarthy O. Carter*
Criminal Case Nos. CF318-98 and CF773-98                                    Page Two

**WHEREAS**, on January 24, 2000, Defendant McCARTHY O. CARTER appeared personally and through counsel, CUNLIFFE & COOK, A Professional Corporation, by Richard Parker Arens, Esq., and having advised the court that said Defendant wishes to change his plea of not guilty to that of guilty to *One Count of Possession of a Schedule II Controlled Substance with Intent to Deliver (as a first degree felony)*, in CF318-98, a violation of 9 GCA §§67.50(a)(1) and (b)(2), as alleged in the first charge of the Indictment in; and One Count of Possession of a Scheduled II Controlled Substance with Intent to Deliver (as a 1ST Degree Felony) in CF773-98 in violation of 9 GCA §67.401.1(1) and (b)(1), as amended; alleged in the First Charge of the Indictment filed in this case; and,

**WHEREAS**, the Court informed Defendant of the effect of the pleas entered and asked him whether he insisted on his pleas or not. Defendant persisted on his pleas f guilty set forth above; and,

**WHEREAS**, the Court addressed Defendant personally and found that the pleas were made voluntarily with an understanding of the nature of the charges and the consequences of his pleas. The Court further found to its satisfaction that there was a factual basis for each of the pleas; and,

**WHEREAS**, the Court accepted Defendant CARTER's pleas of guilty and based on his pleas, the Defendant appeared before the Court for sentencing on January 25, 2000. The Judge having addressed the parties and Defendant having submitted a statement for the court's information and the Court having fully appraised in the premises:

**NOW THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

(1) That for the charge of *One Count of Possession of a Schedule II Controlled Substance With Intent to Deliver (as a First Degree Felony) in Criminal Case No. CF0318-98*, Defendant CARTER is sentenced to a fixed term of three (3) years of imprisonment at the Department of Corrections, with credit for time served, without the possibility of parole or probation.

(2) That as to the charge *One Count of Possession of a Schedule II Controlled Substance With Intent to Deliver (as a First Degree Felony) in Criminal Case No. CF0773-98*, Defendant CARTER is sentenced as follows:

> a. *Defendant CARTER shall serve a period of ten (10) years of imprisonment at the Department of Corrections. This period of incarceration shall be suspended, and Defendant will then be placed on probation for a period of five (5) years, provided that Defendant will leave Guam after his prison sentence and agrees not come within 50 miles of the Guam Airport. Defendant accepts that it is a critical and valid component of his plea agreement that he*

*resides at least 50 miles from the scene of this crime, and understands if found on Guam, will be remanded to serve his ten year sentence at the Department of Corrections. Defendant accepts this condition of probation, and waives any challenges to this probation, constitutional or otherwise;*

b. *That Defendant shall pay a fine of Ten Thousand Dollars ($10,000.00) to be paid to the Drug Treatment and Enforcement Fund, pursuant to 9 GCA &80.31.1, plus court costs. Defendant to forfeit bail.*

c. *That Defendant shall enroll and attend a drug rehabilitation program at the Department of Mental Health and Substance Abuse or any other drug rehabilitation program approved by the Superior Court of Guam.*

(5) That the remaining charges contained in Criminal Case Nos. CF0318-98 and CF0773-98, are hereby dismissed.

SO ORDERED: _____ MAR 1 6 2000 _____.

Original Signed By:
Hon. Alberto C. Lamorena, III

HON. ALBERTO C. LAMORENA, III
Presiding Judge, SUPERIOR COURT OF GUAM

APPROVED AS TO FORM:
OFFICE OF THE ATTORNEY GENERAL
Prosecution Division

By _____
JOSEPH TOCK
Assistant Attorney General

SUBMITTED BY:
CUNLIFFE & COOK
A Professional Corporation
Attorneys for Defendant

By _____
RICHARD PARKER ARENS, ESQ.

I do hereby certify that the foregoing is a full true and correct original on file in clerk of the Superior

Dated at Hagatna

MAR 17 2000

Enriqua F. Aguigui, Jr.
Deputy Clerk, Superior Court of Guam

RPA:rsb WORK DOCS: Criminal
CR-Judgment C-0230.1

016

**Law Offices**
*Cunliffe & Cook*
Suite 200
210 Archbishop F.C. Flores Street
Hagåtña, GU   96910
Telephone:   (671) 472-1824
Telefax:     (671) 472-2422

Attorneys for:   **Defendant McCarthy O. Carter**

FILED
SUPERIOR COURT
GUAM

2001 SEP 13 AM 9: 23

CLERK OF COURT
BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, <br> vs. <br> McCARTHY O. CARTER, <br> Defendant. | CRIMINAL CASE NOS. CF0318-98 and CF0773-98 <br> **STIPULATION AND ORDER MODIFYING CONDITIONS OF PROBATION** |

**COMES NOW**, the People of Guam, represented by the Office of the Attorney General, through Lewis Littlepage, Assistant Attorney General, and Defendant McCARTHY O. CARTER ("CARTER"), by and through counsel, CUNLIFFE & COOK, by Richard Parker Arens, Esq., and hereby stipulate and agree as follows:

(1) **WHEREAS**, Defendant CARTER was sentenced in Criminal Case No. CF318-98 to a fixed term of three (3) years imprisonment at the Department of Corrections, with credit for time served without the possibility of parole or probation; and,

(2) **WHEREAS**, Defendant CARTER was sentenced in Criminal Case No. CF0773-98 to serve a period of ten (10) years imprisonment at the Department of Corrections, suspended provided he leave Guam after his prison sentence; and,

(3) **WHEREAS**, Defendant CARTER has demonstrated exceptional rehabilitative efforts during his period of incarceration;

GOVERNMENT EXHIBIT

017

Case 1:03-cr-00103   Document 46   Filed 10/17/2005   Page 14 of 15

STIPULATION AND ORDER MODIFYING
CONDITIONS OF PROBATION
*People of Guam vs. McCarthy O. Carter*
Criminal Case Nos. CF0318-98 / 773-98

Page Two

NOW THEREFORE, the parties hereby stipulate that Defendant CARTER shall not be required to depart Guam as a condition of his probation.

SO STIPULATED:

DATED: September 10, 2001

OFFICE OF THE ATTORNEY GENERAL
Prosecution Division

By _____
LEWIS LITTLEPAGE
Assistant Attorney General

DATED: September 7, 2001

CUNLIFFE & COOK
A Professional Corporation
Attorneys for Defendant

By _____
RICHARD PARKER ARENS, ESQ.

# ORDER

Good cause having been shown, IT IS HEREBY ORDERED THAT Defendant McCARTHY O. CARTER shall not be required to depart Guam as a condition of his probation.

SO ORDERED: _____SEP 14 2001_____

Original Signed By:
Hon. Alberto C. Lamorena III

HON. ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

Received for Service
3:40 PM
9-10-01
Marshal, Superior Court
Guam

018